IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case Nos. 2:06-cv-8035-JHH-TMP |
| ) | 2:05-cr-0058-JHH-TMP |
| MARCUS ANTONIO GILES, ) | |
| ) | |
| Defendant/Movant. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation in the above-styled cause on April 11, 2008, recommending that the movant's motion pursuant to 28 U.S.C. § 2255 be denied and dismissed. Movant filed his objections to the report and recommendation on May 12, 2008, asserting two principal objections: (1) that the indictment was defective because it failed to allege that the prohibited acts were committed in or affecting interstate commerce, thus depriving the trial court of subject-matter jurisdiction, and (2) that his trial attorney rendered ineffective assistance because he failed to challenge the indictment on this precise ground.[1]

The crux of movant's objections is that the indictment failed to allege that his conduct was committed within or affecting interstate commerce, and, hence, the court lacked federal subject-matter jurisdiction to adjudicate him guilty. Movant was charged with and pleaded guilty to possession with intent to distribute more than 5 grams of crack cocaine (21 U.S.C. § 841(a)(1)

---

[1] Although Claim 1(b) of the § 2255 motion seems to raise the jurisdictional challenge to the indictment, it does not appear that movant alleged any ineffectiveness by counsel due to his failure to challenge the jurisdictional allegation of the indictment. Movant simply failed to raise this claim of ineffective assistance in the § 2255 motion. This objection can be overruled on this basis alone.

and (b)(1)(B) and the use and carrying of a firearm in relation to the drug-trafficking offense alleged (18 U.S.C. § 924(c)(1)(A)(i)).  He correctly notes that it is undisputed that the alleged offenses occurred on a public street, and not within any federal reservation or enclave.  Therefore, he contends that federal subject-matter jurisdiction could exist only if the indictment alleged that his offenses were within or affected interstate commerce.

Case law puts this contention to rest.  As early as 1972, only two years after enactment of the Comprehensive Drug Abuse Prevention and Control Act of 1970, the old Fifth Circuit court of appeals concluded that the Commerce Clause authorized Congress to proscribe possession and distribution of controlled substances and, further, that the indictment need not allege an interstate nexus.  See United States v. Lopez, 459 F.2d 949, 952-953 (5th Cir. 1972).[2]  The court of appeals explained in that case:

> As the basis for the exercise of its power under the Commerce Clause to regulate certain activities in controlled substances, Congress made certain findings and declarations which are set forth in § 101 of Title II of the Act, 21 U.S.C. § 801. [Footnote omitted] Principal among these were the findings that intrastate incidents of the traffic in controlled substances, such as manufacture, local distribution and possession, had a substantial and direct effect on interstate commerce; that such intrastate incidents of the traffic in controlled substances swelled the interstate traffic in such substances; that it was impossible to distinguish between substances manufactured and distributed intrastate from those manufactured and distributed interstate and, therefore, it was not feasible to distinguish between such substances in terms of controls; and that control of the intrastate incidents of traffic in controlled substances was essential to the control of interstate incidents of that traffic. Obviously, there was a rational basis for these findings because they stemmed from statistical reports and extensive testimony as to the extent of the drug traffic and the unauthorized use of drugs. Moreover, Congress had a rational basis for finding that

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the old Fifth Circuit Court of Appeals rendered before October 1, 1981.

> controlled substances manufactured and distributed on an intrastate basis could not be differentiated from those manufactured and distributed on an interstate basis.
>
> * * *
>
> From such a finding, Congress could reasonably assume that an attempt to separate intrastate activities in controlled substances from those which were conducted on an interstate basis would be a futile exercise substantially interfering with its power to regulate interstate commerce in these substances; a power upon which any attempt to end or alleviate the drug abuse problem would necessarily be based.

Id. Further, the court held that it was unnecessary for the indictment to allege or the evidence to prove the existence of an interstate nexus. The court held:

> Appellants' reliance on United States v. Bass, 404 U.S. 336, 92 S. Ct. 515, 30 L. Ed. 2d 488 (1971) is of no help. The Supreme Court held in Bass that to establish a violation of 18 U.S.C. App. § 1202(a) there must be proof that the receipt, possession, or transportation of a firearm affected interstate commerce.
>
> In our opinion, this has no effect on the constitutionality of § 401(a) (1) and § 406 of Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a) (1) and § 846. These sections contain no language analogous to Bass which would require that the activity in controlled substances be shown to have an effect on interstate commerce. In the Act now under review Congress clearly expounded its purpose and plainly made it a federal crime simply to engage, except as authorized by the Act, in the manufacture, possession, or distribution of controlled substances. We hold that Congress acted within the power granted to it under the Commerce Clause when it enacted § 401(a) (1) and § 406 of Title II of the Act in question, 21 U.S.C. § 841 (a) (1) and § 846.

Id.; see also United States v. Lane, 461 F.2d 343 (5th Cir. 1972); United States v. Collier, 478 F.2d 268 (5th Cir. 1973); United States v. Mather, 465 F.2d 1035 (5th Cir. 1972).

Lest there be any suspicion that these holdings are outdated, the Supreme Court reiterated this very rationale just three years ago. In Gonzales v Raich, 545 U.S. 1, 125 S. Ct. 2195, 162 L. Ed.

2d 1 (2005), the Supreme Court reaffirmed the power of Congress to regulate purely *intra*state activities as long as those activities are part of a general class of activities that affect interstate commerce.  In rejecting a Commerce Clause challenge to federal statutes prohibiting possession of home-grown marijuana that was legal under state law, the Court wrote:

> Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce.  See, e.g., Perez, 402 U.S., at 151, 91 S. Ct. 1357; Wickard v. Filburn, 317 U.S. 111, 128-129, 63 S. Ct. 82, 87 L. Ed. 122 (1942).  As we stated in Wickard, "even if appellee's activity be local and though it may not be regarded as commerce, it may still, whatever its nature, be reached by Congress if it exerts a substantial economic effect on interstate commerce."  Id., at 125, 63 S. Ct. 82.  We have never required Congress to legislate with scientific exactitude.  When Congress decides that the "'total incidence'" of a practice poses a threat to a national market, it may regulate the entire class.  See Perez, 402 U.S., at 154-155, 91 S. Ct. 1357 (quoting Westfall v. United States, 274 U.S. 256, 259, 47 S. Ct. 629, 71 L. Ed. 1036 (1927) ("[W]hen it is necessary in order to prevent an evil to make the law embrace more than the precise thing to be prevented it may do so")).  In this vein, we have reiterated that when "'a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence.'"  E.g., Lopez, 514 U.S., at 558, 115 S. Ct. 1624 (emphasis deleted) (quoting Maryland v. Wirtz, 392 U.S. 183, 196, n. 27, 88 S. Ct. 2017, 20 L. Ed. 2d 1020 (1968)).

Gonzales v Raich, 545 U.S. 1, 17, 125 S. Ct. 2195, 2205-6, 162 L. Ed. 2d 1 (2005).  Just as the old Fifth Circuit explained in Lopez, the Commerce Clause power of Congress extends to proscribing purely *intra*state activities if doing so is necessary to fully regulate the interstate aspects of the activity.

Movant's objections, therefore, are meritless.  Congress not only can regulate the *intra*state possession and distribution of controlled substances under its Commerce Clause powers, it has done so in 21 U.S.C. § 841(a)(1).  Further, because that statute does not require proof of an interstate

4

nexus, the indictment charging such an offense need not allege an interstate nexus. Accordingly, the indictment in this case was not defective and it did not deprive the court of federal subject-matter jurisdiction conferred by § 841 itself.

Next, the Eleventh Circuit Court of Appeals has repeatedly upheld the constitutionality of 18 U.S.C. § 924(c) against Commerce Clause attacks. See United States v. Gatlin, 194 Fed. Appx. 798 (11th Cir. 2006) ("We have also upheld the constitutionality of § 924(c) against Commerce Clause challenges. United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001); United States v. DePace, 120 F.3d 233, 235 n. 2 (11th Cir. 1997)"). Once again, movant's argument that the indictment was defective because it failed to allege an interstate nexus for his § 924(c) offense is mistaken. The statute is constitutional, and it does not require such an allegation in the indictment. Although there must be proof of a minimal interstate nexus, movant admitted the existence of an adequate nexus when he pleaded guilty to the offense.

Finally, having concluded that the indictment in this case was not defective for failing to contain an explicit allegation of an interstate nexus, it follows that counsel could not have been constitutionally ineffective for failing to raise such a challenge to the indictment. Counsel does not render ineffective assistance when he fails to raise a meritless objection. Thus, movant's object to the magistrate judge's report and recommendation on this issue also is mistaken.

Both of movant's objections to the report and recommendation are meritless. By separate order, the court will overrule the objections, adopt the report and recommendation, and deny movant's § 2255 motion.

The Clerk is DIRECTED to mail a copy of the foregoing to the movant.

**DONE** this the ___20th___ day of May, 2008.

                                                  /s/ James H. Hancock
                                    SENIOR UNITED STATES DISTRICT JUDGE